**WCCB–TV, INC., Plaintiff,**

**v.**

**TELEREP, INC., Cox Communications, Inc., and Carolina Broadcasting Company, Defendants.**

**No. C–C–84–252–M.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Sept. 24, 1984.

John C. Surles, Charlotte, N.C., for plaintiff.

John H. Hasty, Hasty, Waggoner, Hasty, Kratt & McDonnell, Charlotte, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

On July 10, 1984, defendants TeleRep, Inc. ("TeleRep), Cox Communications, Inc. ("Cox"), and Carolina Broadcasting Company ("WSOC") filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff WCCB–TV's complaint. On September 20, 1984, a hearing was held on the motion.

## FACTS AND PROCEDURAL HISTORY

Plaintiff's complaint alleges a violation of § 1 of the Sherman Act (15 U.S.C. § 1) arising from a suit filed on March 16, 1984, in the New York Supreme Court by defendant TeleRep. (TeleRep is a corporation that sells radio and television advertising time to national advertisers.) In that New York action, TeleRep sued Mr. Michael Riordan, a former employee of TeleRep, for breach of an employment contract not to compete. TeleRep also sued WCCB and Bahakel Communications Inc. for tortious interference with Riordan's employment contract with TeleRep on the basis that WCCB hired Mr. Riordan away from his job with TeleRep. The suit was removed to federal court in New York in early May, 1984.

On May 14, 1984, WCCB, defendant in the New York action, filed a complaint in this court alleging that the New York suit by TeleRep, Cox, et al., was a violation of § 1 of the Sherman Act and a violation of the North Carolina anti-trust statutes (N.C. G.S. §§ 75–1, 75–2).

The defendants filed their motion to dismiss on July 10, 1984.

## PLAINTIFF'S FIRST CLAIM
## FOR RELIEF

Plaintiff's complaint alleges that TeleRep's suit in New York against Riordan, WCCB, and Bahakel was part of a conspiracy to restrain trade in advertising in the Charlotte area in violation of § 1 of the Sherman Act. The alleged conspirators were Cox, Cox's wholly-owned subsidiary WSOC, and Cox's 80% owned subsidiary TeleRep.

Defendants argue that in light of the Supreme Court's decision in *Copperweld Corp. v. Independence Tube Corp.,* —— U.S. ——, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), There could be no conspiracy by these related corporations that violated § 1 of the Sherman Act. *Copperweld* held that there could be no conspiracy in violation of the anti-trust laws between a parent and wholly-owned subsidiary. While the *rationale* of *Copperweld* may well apply to parent corporations and less than wholly-owned subsidiaries (in this case TeleRep and Cox), the decision in *Copperweld* is specifically limited to wholly-owned subsidiaries. *Id.* at ——, 104 S.Ct. at 2739. Because the court dismisses the complaint on other grounds, the court does not address defendants' *Copperweld* argument.

Defendants also argue that the New York suit can not be the basis of anti-trust liability. The Supreme Court has recognized that the right to petition adjudicative bodies for redress of private wrongs is ordinarily not actionable under federal anti-trust laws. *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965).

The only exception to this immunity for seeking judicial relief applies to a suit that is nothing more than a "sham," that is, "illegal and reprehensible practices which may corrupt the administrative or judicial processes." *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 513, 92 S.Ct. 609, 613, 30 L.Ed.2d 642 (1972). This "sham" exception has also been defined as covering a suit that is a " 'fraud, corruption or misuse of the state processes.' " *Hydro-Tech Corp. v. Sundstrand Corp.,* 673 F.2d 1171, 1174 (10th Cir. 1982).

Defendants' suit in New York is activity protected by the First Amendment from anti-trust liability as long as it does not fall within the "sham" exception to the

*Noerr-Pennington* doctrine. Even reading the complaint broadly, the court can not find allegations nor a situation likely to support allegations that the New York suit is a sham. Plaintiff only alleges that defendants brought the suit in order to restrain trade. Anti-competitive intent alone does not make a petition to a court a "sham" under the *Noerr-Pennington* doctrine. *Id.* at 1175.

Plaintiff does not allege in the complaint any anti-competitive acts by the defendants other than the filing of the suit in New York. At the hearing, the court asked plaintiff four times if there were any other anti-competitive acts by the defendants. The plaintiff responded evasively each time, but the gist of the responses was that there was no other act of which plaintiff was complaining.

Plaintiff has failed to state a claim against the defendants based on § 1 of the Sherman Act. The only alleged anti-competitive act by the defendants, the suit in New York, is protected activity under the *Noerr-Pennington* doctrine. Therefore, the court dismisses the plaintiff's first claim for relief.

### PENDENT STATE CLAIMS

The court has discretion to hear plaintiff's remaining state claims based on North Carolina anti-trust statutes (N.C.G.S. §§ 75–1, 75–2). In view of the dismissal of the federal claim, the court declines to hear the pendent state claims. Dismissal of pendent state claims is the preferred course of action if all federal claims are dismissed. *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1179–80 (2nd Cir.1974).

IT IS THEREFORE ORDERED that the action is DISMISSED. The court declines to award attorney fees incurred as a result of this motion. Defendants will recover their costs.